UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LETICIA CASTILLO AND BERTHA LEMUS, ET AL., | ] ] ] |
| *Plaintiffs*, | ] ] |
| v. | ]   CASE NO. 4:08-cv-2658 |
| ALKIRE SUBWAY, L.P., ET AL., | ] ] ] |
| *Defendants*. | ] ] |

**PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION AND
NOTICE TO POTENTIAL CLASS MEMBERS**

**I.   SUMMARY**

Leticia Castillo (Castillo), Bertha Lemus (Lemus), and Virginia Lima (Lima) (collectively Plaintiffs) regularly worked more than forty hours a week for Alkire Subway, L.P., G.R.A. Enterprises, L.P., Govind Agrawal, Inc. and Govind Agrawal (the Defendants or the Restaurants). The Restaurants, however, did not pay Plaintiffs overtime as required by the Fair Labor Standards Act (the FLSA). Rather, the Restaurants either pay straight time for overtime or, worse; pay nothing at all. The Restaurants apply their improper wage policies across the board to all of their employees at all of their locations. In order to allow the other employees similarly situated to Plaintiffs to recover their unpaid overtime wages, the Court should conditionally certify this action as a collective action and approve the issuance of notice of this action to the Restaurants' non-exempt employees.

## II.   BACKGROUND

The Defendants own and operate several Subway sandwich shops in the Houston, Texas area. Defendant, Govind Agrawal (Agrawal), controls the co-defendant companies and sets the policies and procedures for the Restaurants. *See* Ex. 1, Declaration of Leticia Castillo ("Castillo Dec.") at ¶ 8 (Agrawal's policy to not pay overtime applied to all employees); *see also* Ex. 2, Declaration of Bertha Lemus ("Lemus Dec.") at ¶ 3. From February 2002 to July 2008, Castillo worked at the Restaurants' 8363 Westheimer location. Castillo Dec. at ¶ 1. Lemus also worked for the Retaurants at the 8363 Westheimer location from May 2005 through November 2005 and again beginning mid 2006. Lemus Dec. at ¶ 2. In March of 2008, the Restaurants transferred Lemus to the store at the intersection of Hillcroft and Westheimer where she continues to work. *Id.*

Lima worked the Restaurants' 8363 Westheimer and the Richmond and Fondren location for about a year, starting in 2003. *See* Ex. 3, Declaration of Virginia Lima ("Lima Dec.") at ¶ 2. During that year, she worked at both stores each week. *Id*. at ¶ 3. From 2004 to 2006, she only worked in the Restaurants' 8363 location. *Id*. at ¶ 4.

Castillo, Lemus, and Lima routinely worked more than forty hours per week for the Restaurants. Castillo Dec. at ¶¶ 4-5; Lemus Dec. at ¶ 3; Lima Dec. at ¶¶ 3-4. However, the Restaurants did not pay Plaintiffs proper overtime compensation. Defendant Agrawal made the decision not to pay overtime to the Restaurants' employees. Castillo Dec. at ¶ 8; Lemus Dec. at ¶ 3. Starting in early 2002, the Restaurants paid Castillo $800 every two weeks. Castillo Dec. at ¶ 3. No matter how many hours she worked, however, the Restaurants did not pay Castillo overtime. *Id.* In May or June of 2006, the Restaurants changed the way they recorded Castillo's pay. Castillo Dec. at ¶ 6. Castillo's pay checks began to reflect ninety hours of work for each

two-week pay period. *Id.* The ninety hours were divided into eighty hours of regular time and ten hours of overtime. *Id.* However, Castillo worked more than the ninety hours reflected on her pay stubs. *Id.* As with Castillo, the Restaurants did not pay Lemus and Lima overtime. When Lemus and Lima worked more than forty hours in a week, the Restaurants issued them two separate pay checks. Lemus Dec. at ¶ 4; Lima Dec. at ¶¶ 3-4. The Restaurants would issue one check to cover their hours up to forty in a week, and a second check to cover the hours over forty. Lemus Dec. at ¶ 4; Lima Dec. at ¶¶ 3-5. However, the Restaurants paid Lemus and Lima at the same hourly rate for all hours they worked. *Id.*

The Restaurants' documents confirm their failure to pay overtime. For example, during the pay period from November 1 to November 14, 2006, Lemus received two paychecks. Lemus Dec. at Ex. A. One paycheck was for 80 hours and the other was for 18.5 hours. *Id.* Lemus received $6.00 per hour for all of these hours. *Id.* For the same period, Lemus' time sheets show that she worked 50.89 hours in the first week of the pay period and 49.01 hours in the second week. *Id.* Thus, not only did the Restaurants not pay Lemus any overtime premium, the Restaurants also failed to pay Lemus for all the hours she worked. *Id.* Similarly, during the pay period from February 21 to March 6, 2007, the Restaurants paid Lemus for 97 hours, all at $6.00 per hour. Lemus Dec. at Ex. C. However, Lemus' timesheets show that she worked 98.05 hours during the same pay period. *Id.*

Similar documents establish Castillo's overtime claims. For example, during the pay period from June 1, 2005 to June 14, 2005, Castillo earned a flat $800. Castillo Dec. at Ex. A. During the first week of this pay period, Castillo worked 7.95 hours of overtime and she worked 9.64 hours of overtime in the second week. *Id.* Castillo received no overtime compensation for her overtime hours. *Id.*; *see also* Castillo Dec. at Exs. B-E (similar overtime violations).

These violations continued even after the Restaurants changed the way Castillo's pay was recorded. For the pay period from June 14, 2006 to June 27, 2006, Castillo earned $802.75 (conspicuously similar to the $800 per pay period Castillo earned prior to the change). Castillo Dec. at Ex. F. Castillo's pay stub for this period shows she was paid for 90 hours of work – 80 hours at a rate of $8.45 per hour and 10 hours at a rate of $12.675 per hour. *Id.* Castillo's time sheets show, however, she actually worked 97.28 hours during that pay period. *Id.* In short, the Restaurants changed the appearance of Castillo's paystubs to create the illusion of FLSA compliance.

The Restaurants' denial of overtime pay was a top-down decision that applied to all of the Restaurants' employees. *See* Castillo Dec. ¶ 8 (Agrawal's policy to not pay overtime applied to all employees); *see also* Lemus Dec. ¶ 3. Castillo and Lemus are personally aware of other employees who were subjected to the Restaurants' pay policy. Castillo Dec. ¶ 10; Lemus Dec. ¶ 11. Moreover, since the start of this litigation, Lima (Doc. 9), Iris Cartagena (Doc. 11) and Nancy Cartagena (Doc. 11) have filed written consents to join this action.

## III.  ARGUMENT

### A. The FLSA and Collective Actions.

The FLSA requires covered employers to compensate nonexempt employees at overtime rates for time worked in excess of forty hours in a workweek. *Falcon v. Starbucks Corp.*, 2008 WL 155313, at *4 (S.D. Tex. Jan. 15, 2008) (Ellison, J.) (citing 29 U.S.C. §207(a)). Employers must pay their employees one-and-one-half times their regular hourly rates for all hours worked in excess of forty in a workweek. 29 U.S.C. §207(a). The FLSA creates a private right of action for employees against their employers for violating the overtime compensation requirements. *Maynor v. Dow Chemical Co.*, 2008 WL 2220394 at *4 (S.D. Tex. May 28, 2008) (Rosenthal,

J.).  Aggrieved employees may pursue this private right of action individually and/or in a representative capacity on behalf of all other similarly situated employees.  *Falcon*, 2008 WL 155313 at *4; *Shaffner v. Cash Register Sales & Serv. of Houston, Inc.*, 2006 WL 1007542, at *1 (S.D. Tex. Apr. 17, 2006) (Ellison, J.).  For representative actions, the FLSA establishes an opt-in scheme under which plaintiffs must affirmatively notify the court of their intention to become parties to the suit.  *Falcon*, 2008 WL 155313 at *4; *Shaffner*, 2006 WL 1007542 at *1.  District courts have discretion in deciding whether to order notice of a pending representative action to potential plaintiffs.  *Maynor*, 2008 WL 2220394 at *4 (citing *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170-171, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989); *Villatoro v. Kim Son Rest., L.P.*, 286 F.Supp.2d 807, 808 (S.D. Tex. 2003)).

Courts have recognized two methods to determine whether notice is warranted: (1) the two-step *Lusardi* approach; and (2) the class-action based *Shushan* approach.  *Maynor*, 2008 WL 2220394 at *4 (citing *Lusardi v. Xerox Corp.,* 118 F.R.D. 351 (D.N.J. 1987); *Shushan v. Univ. of Colo. at Boulder,* 132 F.R.D. 263 (D. Colo. 1990)).  Courts, including those within the Fifth Circuit, overwhelmingly prefer the two-step *Lusardi* approach.  *Maynor*, 2008 WL 2220394 at *4 (citations omitted); *see also Falcon*, 2008 WL 155313 at *4 (Fifth Circuit has affirmed district courts using two-step approach); *Shaffner*, 2006 WL 1007542 at *1 (same).  In fact, the Fifth Circuit has noted that the FLSA's opt-in mechanism and the opt-out process of Federal Rule of Civil Procedure 23 (utilized under the *Shushan* approach) are "mutually exclusive and irreconcilable" with each other.  *See Lachapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 289 (5th Cir. 1975).

**B.     The *Lusardi* Approach.**

The first step of the *Lusardi* analysis is the "notice stage" in which the district court decides whether to issue notice to potential class members. *Maynor*, 2008 WL 2220394 at *5 (citation omitted). The court's decision is usually based only on the pleadings and affidavits that have been submitted. *Id.*; *Blake v. Colonia Savings, FA*, 2004 WL 1925535, at *2 (S.D. Tex. Aug. 16, 2004) (Harmon, J.). "Because the court has minimal evidence, this determination is made using a fairly lenient standard, *and typically results in 'conditional certification'* of a representative class" that provides potential class members with notice and the opportunity to opt-in. *Maynor*, 2008 WL 2220394 at *5 (emphasis added) (quoting *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 n.8 (5th Cir. 1995)); *Colonia Savings, FA*, 2004 WL 1925535 at *2 (same). A plaintiff who provides substantial allegations showing a factual basis that links potential class members together as the victims of a single decision, policy, or plan that is alleged to violate the FLSA meets this lenient burden. *Maynor*, 2008 WL 2220394 at *5 (citations omitted).[1]

Once a court conditionally certifies a class, the action proceeds as a collective action through discovery. *Maynor*, 2008 WL 2220394 at *5 (citing *Mooney*, 54 F.3d at 1214) *Colonia Savings, FA*, 2004 WL 1925535 at *2. The second stage of the *Lusardi* approach typically occurs when discovery is largely complete and the defendant moves to decertify the conditionally certified class. *Maynor*, 2008 WL 2220394 at *5 (citations omitted); *Colonia Savings, FA*, 2004 WL 1925535 at *2. At the second stage the court makes a factual determination as to whether there are similarly situated employees. *Maynor*, 2008 WL 2220394 at *5. If the district court finds that the plaintiffs are similarly situated to the opt-in class

---

[1]     *See*, *e.g.*, *Prater v. Commerce Equities Management Co., Inc.*, 2007 WL 4146714 at *5 (S.D. Tex. Nov. 19, 2007) (Rosenthal, J.) ("The plaintiffs allege that the defendants failed to pay overtime for hours worked in excess of forty in a given week. This is a cognizable claim under the FLSA.").

members, the collective action proceeds. *Id.* (citing *Mooney,* 54 F.3d at 1214) (other citations omitted). If the court decertifies the class, the opt-in class members are dismissed without prejudice and the original plaintiffs proceed on their individual claims. *Maynor*, 2008 WL 2220394 at *5 (citations omitted).

**C.     The First Step "Similarly Situated" Standard.**

An FLSA plaintiff seeking conditional certification must show that he is similarly situated in terms of job requirements and similarly situated in terms of payment. *Prater*, 2007 WL 4146714 at *5 (citations omitted). However, "[c]ourts have repeatedly stressed that Plaintiffs must only be similarly – not identically – situated to proceed collectively." *Falcon*, 2008 WL 155313 at *4 (collecting cases). The "similarly situated" requirement of § 216(b) is less stringent than the "similarly situated" requirement of Fed. R. Civ. P. 20 and 42. *Ryan v. Staff Care, Inc.*, 497 F.Supp.2d 820, 825 (N.D. Tex. 2007) (citing *Grayson v. K Mart Corporation,* 79 F.3d 1086, 1096 (11th Cir.), *cert. denied,* 519 U.S. 982, 117 S.Ct. 435, 136 L.Ed.2d 332 (1996)). Thus, a court may deny a plaintiff's right to proceed collectively only if the action arises from circumstances purely personal to the plaintiff rather than from a generally applicable rule, policy or practice. *Maynor*, 2008 WL 2220394 at *5 (citations omitted). A plaintiff need only show some factual support for the complaint allegations of a class-wide policy or practice. *Maynor*, 2008 WL 2220394 at *5 (citations omitted).

**D.     Plaintiffs Meet the Lenient Standard for Conditional Certification.**

Plaintiffs have described the Restaurants' policy of denying overtime and provided the Court with documentary evidence substantiating their claims. The Restaurants' policy emanates from the top down and applies across the board to all of the Restaurants' employees. Further, while courts look to similarity in working conditions in evaluating the similarly situated issue,

similarity in job duties is of substantially less significance where the employees at issue are admittedly non-exempt. *See*, *Harper v. Lovett's Buffet, Inc.*, 185 F.R.D. 358, 364 (M.D. Ala. 1999).[2] Because no inquiry must be made into the relevant job duties to determine whether an exemption exists, the job requirements of the plaintiffs' and the putative plaintiff class members' employment positions are not in issue. *Id.* Therefore, courts have consistently rejected the argument that a class "is problematic because it includes individuals from various positions, locations, etc.; the law is plain that this does not undermine the 'similarly situated' requirement." *Donohue v. Francis Servs., Inc.*, 2004 WL 1161366 at *3 (E.D.La. May 24, 2004)(citations omitted); *see also*, *Prater*, 2007 WL 4146714 at *7 (the fact that the potential plaintiffs have different job titles or job duties does not render conditional certification improper). Finally, it is clear that a similarly situated class exists from the fact that three of the five plaintiffs have joined this action after the filing of the complaint. *See*, *Shaffner*, 2006 WL 1007542 at *1 ("The addition of two of the three Plaintiffs after the inception of this case is persuasive evidence that a putative class does exist.").

**E.     The Importance of Notice to the Potential Class.**

A collective action allows plaintiffs the advantage of lower individual costs and benefits the judicial system by efficient resolution of common issues of law and fact arising from the same alleged activity in a single proceeding. *Hoffman-LaRoche Inc. v. Sperling,* 493 U.S. 165 (1989). However, these benefits depend upon the potential class members' receipt of a notice which is "timely, accurate and informative." *Colonia Savings, FA*, 2004 WL 1925535 (citing

---

[2]     Exemption from the FLSA's overtime provisions is an affirmative defense upon which the defendant bears the burden of proof. *Corning Glass Works v. Brennan*, 417 U.S. 188, 196-97, 94 S.Ct. 2223, 2229, 41 L.Ed.2d 1 (1974); *Reyes v. Texas Ezpawn, L.P.*, 459 F.Supp.2d 546, 552 (S.D. Tex. 2006). Because exemption is an affirmative defense, the Restaurants were required to plead it (along with some facts to support it). *See* FRCP 8(c). Although the Restaurants pled a number of affirmative defenses, exemption is not among them. *See* Doc. 15. Exemption, therefore, is not at issue in this litigation.

*Sperling,* 493 U.S. at 172). Notice to the potential class members does not issue unless the court conditionally certifies the case as a collective action. *Maynor*, 2008 WL 2220394 at *6 (citations omitted). Timely, accurate notice is important because the action is not considered commenced for purposes of the statute of limitations until the date on which a plaintiff's written consent is filed with the court. *See*, *Quintanilla v. A & R Demolition Inc.*, 2006 WL 1663739, at *1 (S.D. Tex. Jun. 13, 2006) (Rosenthal, J.).

In order that Plaintiffs may send timely notice to the other employees affected by the Restaurants' illegal policies, the Court should require the Restaurants to provide the last known names and addresses for all individuals within the potential class.[3] Plaintiffs ask that the Court order the Restaurants to produce this information within ten days of granting this motion. Plaintiffs propose sending the notice attached as Exhibit 4.

### IV.   CONCLUSION

Plaintiffs amply meet the lenient standard for conditional certification. Plaintiffs are similarly situated to all of the Restaurants' employees who worked more than forty hours in a workweek but did not receive proper overtime wages. The Court should, therefore, grant Plaintiffs' Motion for Conditional Certification and Notice to Potential Class Members.

---

[3]   Production of a mailing list for class members is a common component in collective actions. *Sperling*, 493 U.S. at 170 ("District Court was correct to permit discovery of the names and addresses …."); *Vogt v. Texas Instruments, Inc.*, 2006 WL 4660134 (N.D. Tex. Sep. 19, 2006) (approving discovery of contact information for all members of the conditionally certified class); *Clarke v. Convergys Customer Management Group, Inc.*, 370 F.Supp.2d 601, 606 (S.D. Tex. 2005) (same).

>Respectfully submitted,
>
>**BRUCKNER BURCH PLLC**
>
>>**/S/ David I. Moulton**
>
>By: _____
>>David I. Moulton
>>*Attorney-in-Charge for Plaintiffs*
>>State Bar No. 24051093
>>S.D. of Texas No. 608063
>
>1415 Louisiana Street, Suite 2125
>Houston, Texas  77002
>(713) 877-8788 - Telephone
>(713) 877-8065 - Facsimile
>dmoulton@brucknerburch.com

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing was served on Defendants' counsel via the Court's CM/ECF system on November 10, 2008.

>**/S/ David I. Moulton**
>_____
>David I. Moulton

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LETICIA CASTILLO AND<br>BERTHA LEMUS, ET AL., | ]<br>]<br>] | |
| *Plaintiffs*, | ]<br>] | |
| v. | ] | CIVIL ACTION NO. 4:08-cv-2658 |
| ALKIRE SUBWAY, L.P., ET AL., | ]<br>]<br>] | |
| *Defendants*. | ] | |
| _____ | ] | |

**ORDER**

Plaintiffs' Motion for Conditional Certification and Notice to Potential Class Members (Plaintiff's Motion) is GRANTED. Defendants shall produce the last known names and addresses of the potential class members to Plaintiffs' counsel within 10 days. This information shall be provided in a computer-readable format. Plaintiff's counsel will mail the notice attached to Plaintiff's Motion as Exhibit 4 to the potential class members. Potential class members shall have 60 days from the date of mailing to opt in.

Signed this _____ day of _____, 2008.

_____
Keith P. Ellison
United States District Judge