IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LETICIA CASTILLO AND BERTHA LEMUS, ET AL.,<br><br>*Plaintiffs*,<br><br>v.<br><br>ALKIRE SUBWAY, L.P., ET AL.,<br><br>*Defendants*. | CIVIL ACTION NO. 4:08-cv-2658<br><br><br><br><br><br><br><br><br><br>COLLECTIVE ACTION |

### REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO DISMISS

**1.  INTRODUCTION.**

Although Plaintiffs do not argue that "the FLSA prohibits all offsets," Defendants direct most of their response to battling this imaginary foe.  *See* Docs. 16, 18.  Plaintiffs do claim that the FLSA prohibits the kind of offset Defendants seek in their pleadings.  Because the FLSA does not permit these kinds of offsets, Defendants seventh affirmative defense should be dismissed.

**2.  THE FLSA DOES NOT PERMIT THE OFFSETS DEFENDANTS SEEK.**

    **A.  Extra Compensation Must Be Payment for Hours Worked To Qualify as an Offset.**

Defendants seek an offset for "any overpayments of regular or overtime wages paid to Plaintiffs that do not constitute payments for hours worked ...".  Doc. 15 at 6.  The FLSA, however, does not permit this type of offset.  Instead, the FLSA limits offsets against overtime to certain *premium* payments to employees "*for work* in excess of or outside of specified daily or weekly standard work periods or on certain special days."  29 U.S.C. §§ 207(e)(5)-(7) &

207(h)(2); 29 C.F.R. §§ 778.201 (emphasis added).   Only these premium payments may be credited toward the employer's obligation to pay overtime under the FLSA as outlined in section 7(e)(5)-(7).  29 C.F.R. §§ 778.201.

These exceptions, however, require "extra compensation provided by a premium rate" for hours worked.  29 U.S.C. 207(e)(5)-(7), 207(h)(2).  "To qualify as an overtime premium under section 7(e)(5), (6), or (7), the extra compensation *for overtime hours*" must be paid at a premium hourly rate.  29 C.F.R. § 778.308 (emphasis added).  Further, these premium payments cannot be paid as a lump sum without regard to the number of overtime hours worked, even if the lump sum is more than the sum owed on a per hour basis.  29 C.F.R. § 778.310.

Thus, the requirement that 7(h)(2) premium payments must compensate for hours worked is one of the "certain circumstances" that must apply if an employer is to claim an offset.  Doc. 18 at 4.  The cases cited by Defendants agree.  *See Singer v. City of Waco*, 324 F.3d 813, 816 (5th Cir. 2003) (offset allowed for premium payments paid, in advance, for overtime hours worked);[1] *Alexander v. United States*, 32 F.3d 1571, 1576-77 (Fed. Cir. 1994) (offset allowed for premium payments paid for overtime hours worked); *Kohlheim v. Glynn County, Georgia*, 915 F.2d 1473, 1481 (11th Cir. 1990) (same).  Accordingly, Defendants' seventh affirmative defense should be dismissed because it claims an offset for wages that are *not* paid as compensation for hours worked.

      **B.**    **Regular Pay Does Not Qualify As An Offset Because It is Not Paid at a Premium Rate.**

Defendants also claim an offset against overtime for regular wages allegedly paid to Plaintiffs.  Doc. 15 at 6.  However, section 207(h)(2) exceptions require "extra compensation

---

[1] While the Court did not evaluate the pre-payments at issue in *Singer* under Section 207(h), the payments were nonetheless made at a premium rate for overtime hours to be worked.  *See Singer*, 324 F.3d at 827-28.

provided by a premium rate." 29 U.S.C. § 207(e)(5)-(7). Thus, regular pay cannot be claimed as an offset against overtime. *Id.* Accordingly, Defendants seventh affirmative defense should be dismissed to the extent it claims an offset against overtime for "regular" pay.

### 3. Plaintiffs' Motion to Dismiss Is Not Procedurally Deficient.

Defendants claim Plaintiffs mislabeled their motion because they should have filed a motion to strike under Rule 12(f) instead of a motion to dismiss under Rule 12(b)(6). In *Cartier*, a case Defendants cite, the district court overlooked the "technical deficienc[y]" associated with the plaintiff filing a motion to dismiss an affirmative defense under 12(b)(6) instead of under 12(f). *Cartier v. Dutton*, 45 F.R.D. 278, 279-80 (S.D.N.Y. 1965). In *Ryer*, the other case cited by Defendants, the court construed plaintiffs' motion to dismiss an affirmative defense as a motion to strike. *Ryer v. Harrisburg Kohl Bros., Inc.*, 53 F.R.D. 404, 408 (M.D. Pa. Aug. 18, 1971).

Here, however, Plaintiffs' motion to dismiss under 12(b)(6) is proper because Defendants' claim for offset is an affirmative claim for relief upon which Defendants bear the burden of proof. Accordingly, Defendants' "affirmative defense" of offset is more appropriately labeled as a counterclaim. *See CSX Transp. v. Globe Metallurgical, Inc.*, 2007 WL 1567690 at *8 (S.D. Ohio May 25, 2007) ("Technically, [Defendant] should have pleaded its offset claims as … counterclaims rather than as an affirmative defense."); *Canadian St. Regis Band of Mohawk Indians ex rel. Francis v. New York*, 278 F. Supp. 2d 313, 353-54 (N.D.N.Y. Jul. 28, 2003); Black's Law Dictionary 1085 (6th ed. 1990) (offset is a counterclaim). Defendants' mislabeling is not fatal because "if a party mistakenly designates … a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated…." Fed. R.

Civ. P. 8(c)(2). However, because Defendants have, in reality, brought a counter-claim, Plaintiffs properly invoked Rule 12(b)(6).

**4.    CONCLUSION**

The FLSA simply does not permit Defendants to offset its regular wage payments or payments that are not compensation for hours worked against overtime owed under the FLSA. Accordingly, Defendants' "seventh affirmative defense" should be dismissed.

    Respectfully submitted,

    **BRUCKNER BURCH PLLC**


    **/S/ David I. Moulton**
By: _____
    David I. Moulton
    *Attorney-in-Charge for Plaintiffs*
    State Bar No. 24051093
    S.D. of Texas No. 608063
1415 Louisiana Street, Suite 2125
Houston, Texas  77002
(713) 877-8788 - Telephone
(713) 877-8065 - Facsimile
dmoulton@brucknerburch.com

### CERTIFICATE OF SERVICE

A copy of the foregoing was served on Defendants' counsel via the Court's CM/ECF system on November 17, 2008.

    **/S/ David I. Moulton**
    _____
    David I. Moulton