IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LETICIA CASTILLO AND BERTHA LEMUS, ET AL., <br><br> *Plaintiffs* <br><br> v. <br><br> ALKIRE SUBWAY, L.P., G.R.A. ENTERPRISES, L.P., GOVIND AGRAWAL, INC., AND GOVIND AGRAWAL, <br><br> *Defendants*. | § § § § § § § § § § § § § § § NO. 4:08-CV-2658 |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR CONDITIONAL
CERTIFICATION AND NOTICE TO POTENTIAL CLASS MEMBERS**

Defendants Alkire Subway, L.P., G.R.A. Enterprises, L.P., Govind Agrawal, Inc., and Govind Agrawal file their Response to Plaintiffs' Motion For Conditional Certification and Notice To Potential Class Members and would show as follows:

**I.
INTRODUCTION.**

In their motion, Plaintiffs argue that they are entitled to conditional certification and request that their proposed notice be provided to potential participants. However, they fail to define the sought class; fail to provide any evidence of similarly situated potential participants; and fail to propose a form of notice that balances the interests of Plaintiffs and Defendants. Because of these shortcomings, the Court should deny Plaintiffs' motion.

**II.
ARGUMENTS AND AUTHORITIES**

**A.    Plaintiffs Have Failed to Define the Sought Collective Action Adequately.**

The Court cannot certify a collective action unless it has been adequately defined and clearly ascertainable. In re Wal-Mart Stores, Inc., 2008 WL 413749, at *5 (N.D.Cal. Feb. 13,

2008) (considering a class action under FED.R.CIV.P. 23) (citing DeBremaeker v. Short, 433 F.2d 733, 734 (5th Cir. 1970)). Plaintiffs fail to specify employers, duties, dates, and locations. The Court cannot ascertain with any definiteness — from the motion, the proposed order, or the proposed notice — the potential participants in the collective action. O'Connor v. Boeing N. Am., Inc., 184 F.R.D. 311, 319 (C.D.Cal. 1998); cf. Kurihara v. Best Buy Co., Inc., 2007 WL 2501698, at *5 (N.D.Cal. Aug. 30, 2007) (both cases considering a class action under FED.R.CIV.P. 23).

Even if the Court relies on Plaintiffs' first Amended Collective Action Complaint (Docket 10) to determine the potential participants, this broadly defines the collective action as "All employees who were paid less than $455 in a week, who, in at least one workweek, worked more than 40 hours." That is, Plaintiffs propose a collective action that would even include employees who received overtime wages as required by the FLSA. Obviously, the Court cannot ascertain a collective action that includes persons who have no claim. Kurihara, Inc., 2007 WL 2501698, at *5; Simon v. Am. Tel. & Tel. Corp., 2001 WL 34135273, at *3 (C.D.Cal. Jan. 26, 2001) (both cases considering a class action under FED.R.CIV.P. 23).

Accordingly, the Court can only guess what collective action Plaintiffs seek to define: does the collective action include Defendants' employees who did not work at a Subway restaurant? who worked more than 40 hours and received overtime wages but were paid less than $455 in some other week? who last worked in 2004? Because the Court cannot certify such an imprecise collective action, even conditionally, it should deny Plaintiffs' motion.

    **B.    Plaintiffs Have Failed to Offer Evidence of Similarly Situated Potential Participants.**

        **1.    Plaintiffs Have Failed to Authenticate English Translations of Spanish Language Declarations.**

The Court cannot consider a written declaration translated from a foreign language unless it has been properly authenticated. *See, e.g.*, Trapaga v. Central States Joint Board Local 10, 2007 WL 1017855, at *7 (N.D.Ill. Mar. 30, 2007); United States v. Nouira, 2006 WL 2417245, at *2 (E.D.N.Y. Aug. 21, 2006); Jack v. Trans World Airlines, Inc., 854 F.Supp. 654, 659 (N.D.Cal. 1994); *see also* FED.R.EVID. 901(a); FED.R.EVID. 604.

Plaintiffs apparently attempt to avoid the need for an interpreter's affirmation by submitting English versions of the declarations of Leticia Castillo, Bertha Lemus, and Virginia Lima, bearing original signatures. However, because Plaintiffs have themselves placed the English-language knowledge of the declarants in doubt, the Court cannot conclude that the declarants understood that they made their declarations in English under penalty of perjury, and the English versions of the declarations have no evidentiary value. *See, e.g.*, Stewart v. Core Laboratories, Inc., 460 F.Supp. 931, 938-39 (N.D.Tex. 1978) (holding that a declaration without the language "under penalty of perjury" did not meet the standards required by 28 U.S.C. §1746 for proof by unsworn declaration).

Meanwhile, as explained above, the Court cannot admit the English versions of the declarations as translations of the Spanish versions in the absence of any affirmation or certificate by an interpreter as required by Federal Rule of Evidence 604. Because the Court cannot consider the declarations, it has no evidence before it that any named Plaintiff is similarly situated to any potential participant, and it should deny Plaintiffs' motion.

**2. Defendants Object to Plaintiffs' Declarations Under the Federal Rules of Evidence.**

In the event that the Court considers the English versions of the declarations, Defendants make the following objections to these declarations:

### a. Objections to Declaration of Leticia Castillo.

(1) *"[My supervisor Roberto Barbosa] also said that because I was salaried, I had no right to receive overtime pay, and that even a lawyer would not be able to change that."*

Castillo Decl. ¶2. Defendants object to this statement because it is inadmissible hearsay, and the exception for admission by party-opponent does not apply because Barbosa was speaking outside the scope of his authority. FED.R.EVID. 801(d); 801(e)(2).

(2) *"During the first week of this pay period, I worked 47.95 hours and during the second week, I worked 49.64 hours."*

Castillo Decl. ¶4 (citing Exhibit A). Defendants object to this statement because it is an impermissible conclusion. Even if Plaintiffs offer Exhibit A as a business record of when Castillo clocked in and clocked out, there is no evidence that Castillo worked each minute between clocking in and clocking out. FED.R.EVID. 701. Defendants further object to the statements of Paragraph 4 and Exhibit A because they involve immaterial facts which occurred beyond any applicable limitations period, including the three-year limitations period. FED.R.EVID. 401, 402.

(3) *"Similarly, my other paystubs and time sheets show that I was paid $800 every two weeks and that I worked over 40 hours per week."*

Castillo Decl. at ¶5 (citing Exhibits B–E). Defendants object to this statement because it is an impermissible conclusion. Even if Plaintiffs offer Exhibits B through E as business records of when Castillo clocked in and clocked out, there is no evidence that Castillo worked each minute between clocking in and clocking out. FED.R.EVID. 701.

(4) *"During the first week of this pay period, I worked 48.50 hours, and during the second, I worked 48.78 hours. Accordingly, I worked 97.28 hours and should have received overtime pay for 17.28 hours."*

Castillo Decl. ¶ 7 (citing Exhibit F). Defendants object to this statement because it is an impermissible conclusion. Even if Plaintiffs offer Exhibit F as a business record of when

Castillo clocked in and clocked out, there is no evidence that Castillo worked each minute between clocking in and clocking out. FED.R.EVID. 701.

> (5) "[Nancy Maldonado's] response was that Mr. Agrawal, the owner, did not pay overtime and that all employees learned and accepted that when they started working for Subway."

Castillo Decl. ¶8. Defendants object to this statement because it is inadmissible hearsay, and the exception for admission by party-opponent does not apply because Maldonado was speaking outside the scope of her authority. FED.R.EVID. 801(d); 801(e)(2).

> (6) "[Nancy Maldonado] said that if employees wanted to work more than 40 hours, they could do so, but they would get 'double checks.'"

Castillo Decl. ¶8. Defendants object to this statement because it is inadmissible hearsay, and the exception for admission by party-opponent does not apply because Maldonado was speaking outside the scope of her authority. FED.R.EVID. 801(d); 801(e)(2).

> (7) "This means they would get two paychecks, one check for the regular hours and the other check for the overtime hours, but with all hours on both checks paid at the same rate."

Castillo Decl. ¶8. If this statement is attributed to Madonado, Defendants object to it because it is inadmissible hearsay, and the exception for admission by party-opponent does not apply because Maldonado was speaking outside the scope of her authority. FED.R.EVID. 801(d); 801(e)(2). If this statement is attributed to Castillo, Defendants object to it because it is an impermissible conclusion. FED.R.EVID. 701.

### b. Objections to Declaration of Bertha Lemus

> (1) "Based on the conversations that I had with my coworkers, Virginia Lima and Leticia Castillo, I learned early on that Subway did not pay overtime when I worked over forty hours in a week because the owner, Mr. Agrawal, did not pay overtime."

Lemus Decl. ¶3. Defendants object to this statement because it is inadmissible hearsay. FED.R.EVID. 801(d).

> (2) *"My time sheets for this same period, however, show that I worked 50.89 hours in the first week of the pay period, and 49.01 hours in the second week of the pay period."*

Lemus Decl. ¶6 (citing Exhibit A). Defendants object to this statement because it is an impermissible conclusion. Even if Plaintiffs offer Exhibit A as a business record of when Lemus clocked in and clocked out, there is no evidence that Lemus worked each minute between clocking in and clocking out. FED.R.EVID. 701.

> (3) *"My time sheets for this pay period show that I worked 52.61 hours in the first week of the pay period and 49.37 hours in the second week of the pay period."*

Lemus Decl. ¶7 (citing Exhibit B). Defendants object to this statement because it is an impermissible conclusion. Even if Plaintiffs offer Exhibit B as a business record of when Lemus clocked in and clocked out, there is no evidence that Lemus worked each minute between clocking in and clocking out. FED.R.EVID. 701.

> (4) *"However, my timesheets show that I actually worked 98.05 hours."*

Lemus Decl. ¶8 (citing Exhibit C). Defendants object to this statement because it is an impermissible conclusion. Even if Plaintiffs offer Exhibit C as a business record of when Lemus clocked in and clocked out, there is no evidence that Lemus worked each minute between clocking in and clocking out. FED.R.EVID. 701.

> (5) *"... I worked 20.60 overtime hours in this pay period."*

Lemus Decl. ¶9 (citing Exhibit D). Defendants object to this statement because it is an impermissible conclusion. Even if Plaintiffs offer Exhibit D as a business record of when Lemus clocked in and clocked out, there is no evidence that Lemus worked each minute between clocking in and clocking out. FED.R.EVID. 701.

6

>   (6)   *"As my pay stub for the pay period June 25 to July 8, 2008 shows, I worked 82.50 hours."*

Lemus Decl. ¶10 (citing Exhibit E). Defendants object to this statement because it is an impermissible conclusion. Even if Plaintiffs offer Exhibit E as a business record of when Lemus clocked in and clocked out, there is no evidence that Lemus worked each minute between clocking in and clocking out. FED.R.EVID. 701.

>   (7)   *"I know that other workers at Subway did not receive overtime pay because Mr. Agrawal's policy was to not pay overtime."*

Lemus Decl. ¶11. Defendants object to this statement because it has an improper foundation. There is no evidence that Lemus has personal knowledge of Defendants' policy. FED.R.EVID. 602.

>   (8)   *"I also know that my coworkers, Leticia Castillo and Virginia Lemus, did not receive overtime pay because they told me so."*

Lemus Decl. ¶11. Defendants object to this statement because it is inadmissible hearsay. FED.R.EVID. 801(d).

### c.   Objection to Declaration of Virginia Lima.

>   (1)   *"Many times, I worked over forty hours per week."*

Lima Decl. ¶4 (citing Exhibits A–D). Defendants object to this statement because it is an impermissible conclusion. Even if Plaintiffs offer Exhibits A through D as business records of when Lima clocked in and clocked out, there is no evidence that Lima worked each minute between clocking in and clocking out. FED.R.EVID. 701.

### C.   Plaintiffs' Proposed Notice Fails to Balance the Interests of Plaintiffs and Defendants.

In the event that the Court grants Plaintiffs' motion, it should consider Defendants' objections to Plaintiffs' proposed notice and ensure that any notice to potential participants balances the interests of all parties.

First, the notice requires that a potential participant "designate the named plaintiffs ... to make decisions on my behalf." However, a potential participant will become a party-plaintiff, subject to various forms of discovery, including interrogatories and depositions. The Court must require that potential participants have notice that this is a collective action and not a representative action. *See*, *e.g.*, Felix De Asencio v. Tyson Foods, Inc., 130 F.Supp.2d 660, 665 (E.D. Penn. 2001); Krieg v. Pell's Inc., 2001 WL 548394 (S.D. Ind. 2001).

Second, in this connection, potential participants must have notice that, in the event that Defendants prevail, they may recover costs, other than attorney fees, under the rules of procedure. FED.R.CIV.P. 54(d)(1); David v. City of Hollywood, Fla., 120 F.3d 1178 (11th Cir. 1997) (holding that 29 U.S.C. §216(b) does not constitute an express provision precluding an award of costs to a prevailing defendant). That is, the notice should not mislead potential participants to believe that they would never suffer out-of-pocket costs by opting into the lawsuit.

Third, the notice should inform potential participants that the Court may decertify a conditional certification of a collective action if it determines that Plaintiffs are not similarly situated to the participants who opted into the lawsuit and that these participants may be dismissed from this lawsuit as a result.

Fourth, Plaintiffs' proposed notice appears to encourage potential participants to opt into the lawsuit. Bearing the imprimatur of the Court, any notice must appear neutral.

Accordingly, in the event that the Court grants Plaintiffs' motion and approves notice to potential participants, Defendants request that such notice be of a form and content similar to Exhibit A.

## III.
## CONCLUSION

With their motion, Plaintiffs have not defined a collective action with any specificity, have not established with admissible evidence that they are similarly situated to any potential participant, and have not proposed a notice which appears neutral. For these reasons, the Court should deny Plaintiffs' motion or, alternatively, should approve notice of a form and content similar to Defendants' proposal.

Respectfully submitted,

/s/ Amit Kumar Misra
Amit Kumar Misra (Attorney-in-Charge)
State Bar No. 00795534
LITTLER MENDELSON
A PROFESSIONAL CORPORATION
1301 McKinney Street, Suite 1900
Houston, Texas 77010
713.951.9400 (Telephone)
713.951.9212 (Telecopier)
amisra@littler.com

ATTORNEYS FOR DEFENDANTS
ALKIRE SUBWAY, L.P., G.R.A. ENTERPRISES, L.P., GOVIND AGRAWAL, INC., AND GOVIND AGRAWAL

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of December, 2008, a copy of the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system to all counsel of record:

>David I. Moulton
>Bruckner Burch PLLC
>1415 Louisiana Street, Suite 2125
>Houston, Texas 77002

>/s/ Amit Kumar Misra
>Amit Kumar Misra