UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LETICIA CASTILLO and BERTHA LEMUS, § § § Plaintiffs, § v. § § ALKIRE SUBWAY, LP. G.R.A. § ENTERPRISES, L.P., GOVIND § AGRAWAL, INC. and GOVIND § AGRAWAL, § § Defendants. § | CIVIL ACTION NO. H-08-cv-2658 |

LETICIA CASTILLO and BERTHA LEMUS,

    Plaintiffs,

v.

ALKIRE SUBWAY, LP. G.R.A. ENTERPRISES, L.P., GOVIND AGRAWAL, INC. and GOVIND AGRAWAL,

    Defendants.

CIVIL ACTION NO. H-08-cv-2658

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion to Dismiss Defendant's Seventh Affirmative Defense. (Doc. No. 16.) After considering the parties' filings, all responses and replies thereto, and the applicable law, the Court finds that Plaintiff's Motion should be denied.

### I. BACKGROUND

Plaintiffs bring this suit pursuant to the Fair Labor Standards Act ("FLSA"), which requires that covered employers compensate nonexempt employees at overtime rates for time worked in excess of forty hours in a workweek. 29 U.S.C. § 207(a). In Defendants' Answer to Plaintiff's Amended Complaint, they assert the following affirmative defenses:

> Defendants are entitled to an offset or deduction for any overpayments of regular or overtime wages paid to Plaintiffs that do not constitute payments for hours worked and/or do not constitute overtime compensation required by the Fair Labor Standards Act.

(Doc. No. 15, Seventh Affirmative Defense). Plaintiffs move to dismiss this affirmative defense, arguing that FLSA does not permit defendants to recover offsets for wages that are not paid as compensation for hours worked.

### II. ANALYSIS

1

### A. STANDARD

Plaintiffs brought their Motion pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants argue that attacks on affirmative defenses should be waged under Rule 12(f). Plaintiffs respond that Defendants' affirmative defense is actually a counterclaim, making Rule 12(b)(6) the appropriate standard.

Recoupments and set-offs are typically pleaded as counterclaims rather than affirmative defenses. *Eng-Hatcher v. Sprint Nextel Corp.*, No. 7-cv-07350, 2008 WL 4865194, at *1 n.1 (S.D.N.Y. Oct. 31, 2008). Pursuant to Federal Rule of Civil Procedure 8(c)(2), the Court will treat Defendants' pleading as if it were correctly designated as a counterclaim.

A court may dismiss a cause of action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6) (2008). When considering a Rule 12(b)(6) motion to dismiss, a court must accept all well-pleaded facts as true and "view them in the light most favorable to the [non-moving party]." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). To survive a Rule 12(b)(6) motion to dismiss, a claim "does not need detailed factual allegations" but must provide party's grounds for entitlement to relief, "including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)).

### B. OFFSETS ALLOWED UNDER THE FAIR LABOR STANDARDS ACT

The FLSA statute governing extra compensation creditable toward unpaid overtime compensation states:

> (1) Except as provided in paragraph (2), sums excluded from the regular rate pursuant to subsection (e) shall not be creditable toward wages required under section 6 or overtime compensation required under this section.
>
> (2) Extra compensation paid as described in paragraphs (5), (6), and (7) of subsection (e) of this section shall be creditable toward overtime compensation payable pursuant to this section

29 U.S.C. § 207(h). Plaintiff interprets the statute to mean that overtime compensation cannot be offset by payments made to an employee that are not compensation for hours worked. Defendants point out that paragraph (2) of the statute contains a number of exceptions, namely extra compensation paid to the employee "at a premium rate" for hours worked in excess of eight hours a day or of the employee's normal workweek, for work on holidays and weekends, or pursuant to an employment agreement. 29 U.S.C. § 207(h)(2). Plaintiffs respond that Defendants' claim should be dismissed because it claims an offset for wages that were not paid as overtime compensation for hours worked, and that regular pay cannot be used to offset overtime pay.

The Fifth Circuit has squarely held that, in at least some circumstances, an employer should be allowed to offset overpayments in some work periods against shortfalls for overtime compensation in other work periods. *See Singer v. City of Waco, Texas*, 324 F.3d 813, 825-828 (5th Cir. 2003). While Defendants' counterclaim does not specify the circumstances of the overpayment, Plaintiff cites no case for the proposition that Defendants are absolutely prohibited from seeking overpayment in the FLSA context. The Court finds that Defendants have given Plaintiffs sufficient notice that they will assert a claim for overpayment in this case. The Court will further consider the merits of Defendants' claim on summary judgment.

### III. CONCLUSION

Plaintiff's Motion to Dismiss is **DENIED**.

SIGNED at Houston, Texas, on this the 30th day of April, 2009.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS
ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY
AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN
SENT ONE BY THE COURT.