UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LETICIA CASTILLO, ET AL., | ] | CASE NO. 4:08-cv-2658 |
| | ] | |
| *Plaintiffs*, | ] | |
| | ] | |
| v. | ] | COLLECTIVE ACTION |
| | ] | |
| ALKIRE SUBWAY, L.P., ET AL., | ] | |
| | ] | |
| *Defendants.* | ] | JUDGE ELLISON |
| _____ | ] | |

**RESPONSE TO DEFENDANTS' MOTION FOR CLARIFICATION**

On April 30, 2009, this Court conditionally certified this FLSA collective action.  *See* Doc. 32.   The Court directed the parties to work out an agreed notice for issuance to the potential class members.  *Id.*   Although the parties agreed to a notice, the notice did not contain the opt-in deadline since the deadline would run from the date of mailing.  *See* Doc. 33, at Ex. 1, p. 1.   The final notice gave employees until August 23, 2009 to opt-in.  Defendants argue this date is improper because Plaintiffs "extended the opt-in period from sixty to ninety days."  *See* Doc. 45, p. 2.

However, the Court did not set an opt-in deadline in its order.  *See* Doc. 19.  Moreover, a ninety day opt-in period is hardly unusual.  *See Lima v. International Catastrophe Solutions, Inc.*, 493 F.Supp.2d 793, 804, (E.D. La. 2007) (90 day opt-in period); *Roebuck v. Hudson Valley Farms, Inc.*, 239 F.Supp.2d 234, 241 (W.D.N.Y. 2002) (nine month opt-in period).  Thus, while the order proposed by Plaintiffs (but not signed by the Court) provided for a 60 day opt-in

period, there is nothing untoward about a 90 day opt-in period.  Indeed, this was simply a clerical error.

If the fact that the notice uses a 90 day opt-in period is a problem, Defendants proposal to retroactively shorten the opt-in period is not a practical solution.  An additional notice would have to be sent to every worker who has not already joined the suit.  Otherwise, these workers might rely on the original opt-in deadline of August 23, 2009.  Thus, the existence of this case will again be publicized to the potential class members.

Further, workers who missed the revised opt-in deadline would not simply go away. Indeed, one or more of the "late" opt-ins might file a new collective action (which the other "late" opt-ins can then join).  *See, e.g., Lindsay v. Government Employee Ins. Co.*, 2004 WL 4012264, at n.4 (D.D.C. Nov. 9, 2004) ("Defendant cites no law for the proposition that once one collective action has been approved, a subsequent collective action directed toward the same pool of plaintiffs cannot be brought.").  Thus, restricting the opt-in period at this point is unlikely to result in fewer individuals suing Defendants.  If anything, Defendants and the Court will simply be burdened with additional suits.

Plaintiffs respectfully submit the better solution is simply to use August 23, 2009 as the opt-in deadline.  As Defendants concede, Plaintiffs agreed to an appropriate extension of the discovery deadline.[1]  Thus, Defendants will not be prejudiced by the use of the original opt-in date.  Moreover, potential class members will not be confused by contradictory messages regarding the opt-in deadline.

---

[1]      A 60 day opt-in period would have ended 22 days before the current discovery deadline of August 14, 2009.  Thus, even under Defendants' proposed schedule, a discovery extension would have been necessary.

## CONCLUSION

A clerical error resulted in a slightly longer opt-in period than the one originally proposed by the Plaintiffs.  Any problems created by this fact are easily remedied by a brief extension of the corresponding deadlines.  Defendants' solution will only create confusion and reduce this efficiency of this collective action.  Therefore, Defendants' motion for clarification should be denied.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

**/S/ David I. Moulton**
By: _____
        David I. Moulton
        Attorney-in-Charge for Plaintiffs
        State Bar No. 24051093
        S.D. of Texas No. 608063
1415 Louisiana Street, Suite 2125
Houston, Texas  77002
(713) 877-8788 - Telephone
(713) 877-8065 - Facsimile
dmoulton@brucknerburch.com

## CERTIFICATE OF SERVICE

I served a copy of this document on Defendants via the Court's CM/ECF system on July 13, 2009.

**/S/ David I. Moulton**
_____
David I. Moulton

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LETICIA CASTILLO, ET AL., | ] | CASE NO. 4:08-cv-2658 |
| | ] | |
| *Plaintiffs,* | ] | |
| | ] | COLLECTIVE ACTION |
| v. | ] | |
| | ] | |
| ALKIRE SUBWAY, L.P., ET AL., | ] | |
| | ] | |
| *Defendants.* | ] | |
| _____ | ] | |

**ORDER**

　　Defendants' Motion for Clarification is DENIED.  Class members have until August 23, 2009 to opt-in.  The Parties will submit a proposed scheduling order in ten (10) days.

　　Signed this _____ day of _____, 2009.


　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　Keith P. Ellison
　　　　　　　　　　　　　　　　　United States District Judge