IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LETICIA CASTILLO AND BERTHA LEMUS, ET AL.,<br><br>*Plaintiffs*<br><br>v.<br><br>ALKIRE SUBWAY, L.P., G.R.A. ENTERPRISES, L.P., GOVIND AGRAWAL, INC., AND GOVIND AGRAWAL,<br><br>*Defendants*. | § § § § § § § § § § § § § | NO. 4:08-CV-2658 |

## JOINT STIPULATION FOR APPROVAL OF SETTLEMENT AGREEMENT AND MOTION FOR DISMISSAL WITH PREJUDICE

Plaintiffs Leticia Castillo and Bertha Lemus and Defendants Alkire Subway, L.P., G.R.A. Enterprises, L.P., Govind Agrawal, Inc., and Govind Agrawal file this Joint Stipulation for Approval of Settlement Agreement and Motion for Dismissal with Prejudice in the above captioned case as follows:

1. Plaintiffs brought this collective action against Defendants under the Fair Labor Standards Act alleging that Defendants failed to pay overtime wages, entitling Plaintiffs to overtime pay, liquidated damages, costs, and attorney fees. Plaintiff Lemus also alleges that Defendants retaliated against her after she asserted a claim under the FLSA by reducing the work hours available to her.

2. The Court conditionally approved the collective action, and the parties jointly prepared a notice for consent for potential plaintiffs to join the collective action. In addition to the two named Plaintiffs, an additional 52 Plaintiffs have consented to join the collective action.

Notably, each consenting Plaintiff expressly designated the two named Plaintiffs as her or his attorney-in-fact: "I hereby designate the named plaintiffs, Leticia Castillo and Bertha Lemus (the "Representative Plaintiffs"), to make decisions on my behalf concerning the litigation, including … entering into settlement agreements …."

3. Defendants claim that all Plaintiffs received the correct amount of wages for their hours worked and deny that Plaintiffs are entitled to recovery of any overtime pay, liquidated damages, costs, or attorney fees. Defendants further deny that Plaintiff Lemus suffered any retaliation.

4. The parties stipulate that there is a bona fide dispute as to whether Plaintiffs received the correct amount of wages for their hours worked and whether Plaintiff Lemus suffered retaliation.

5. In an effort to resolve this action without incurring additional fees and expenses, and without Defendants admitting any liability, the parties have entered into a confidential settlement agreement in which the parties request the Court, under Rule 41(a)(2) of the Federal Rules of Civil Procedure, to dismiss Plaintiffs' claims, including their requests for overtime pay, liquidated damages, costs, and attorney fees, against Defendants with prejudice. In return, Defendants agree to compensate Plaintiffs in the amount of $80,000.00, inclusive of all actual damages, liquidated damages, costs, and attorney fees. The parties contend that the settlement is a fair and reasonable resolution of a bona fide dispute.

6. A copy of the settlement agreement is attached as Exhibit A.

Accordingly, the parties request that the Court grant this Joint Stipulation for Approval of Settlement Agreement and Motion for Dismissal with Prejudice.

Respectfully submitted,

| | |
|---|---|
| BRUCKNER BURCH PLLC | THE MISRA LEGAL GROUP |
| /S/ David I. Moulton | /S/ Amit K. Misra |
| By: _____ | By:_____ |
|     David I. Moulton |     Amit K. Misra, Esq., P.C. |
|     S.D. Tex. No. 608063 |     S.D. Tex. No. 21460 |
|     State Bar of Tex. No. 24051093 |     State Bar of Tex. No. 00795534 |
| | |
| 1415 Louisiana Street, Suite 2125 | 1601 Westheimer Road |
| Houston, Texas 77002 | Houston, Texas 77006 |
| 713- 877-8788 Telephone | 832-723-4776 Telephone |
| 713- 877-8065 Telecopier | 832-476-9656 Telecopier |
| dmoulton@brucknerburch.com | amit@misralegal.com |
| | |
| ATTORNEY-IN-CHARGE FOR PLAINTIFFS | ATTORNEY-IN-CHARGE FOR DEFENDANTS |

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of December, 2009, a copy of the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system to all counsel of record:

David I. Moulton
Bruckner Burch PLLC
1415 Louisiana Street, Suite 2125
Houston, Texas 77002

                     /S/ Amit K. Misra
                Amit K. Misra

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LETICIA CASTILLO AND BERTHA LEMUS, ET AL., <br><br> *Plaintiffs* <br><br> v. <br><br> ALKIRE SUBWAY, L.P., G.R.A. ENTERPRISES, L.P., GOVIND AGRAWAL, INC., AND GOVIND AGRAWAL, <br><br> *Defendants.* | NO. 4:08-CV-2658 |

## SETTLEMENT AGREEMENT

Leticia Castillo and Bertha Lemus (*"Plaintiffs"*) and Alkire Subway, L.P., G.R.A. Enterprises, L.P., Govind Agrawal, Inc., and Govind Agrawal (*"Defendants"*) enter into this Release and Settlement Agreement (the *"Agreement"*) effective December 17, 2009 (*"Effective Date"*).

1. <u>Pending Claims</u>:

   1.1. Plaintiffs and Defendant are parties to a currently pending lawsuit, Cause No. 4:08-cv-2658, in the United States District Court for the Southern District of Texas, Houston Division, styled as *Leticia Castillo and Bertha Lemus v. Alkire Subway, L.P., G.R.A. Enterprises, L.P., Govind Agrawal, Inc., and Govind Agrawal* (the *"Lawsuit"*).

   1.2. Plaintiffs brought this collective action against Defendants under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* (the *"FLSA"*), alleging that Defendants failed to pay overtime wages, entitling Plaintiffs to overtime pay, liquidated damages, costs, and attorney fees.

1.3. The Court conditionally approved the collective action, and the Parties jointly prepared a notice for consent for potential plaintiffs to join the Lawsuit. In addition to Plaintiffs, an additional 53 plaintiffs have consented to join the Lawsuit. Notably, each consenting plaintiff has expressly designated Plaintiffs as her or his attorney-in-fact.

1.4. Defendants claim that Plaintiffs received the correct amount of wages for their hours worked and deny that Plaintiffs are entitled to recovery of any overtime pay, liquidated damages, costs, or attorney fees. Defendants further deny that Plaintiff Lemus suffered any retaliation.

1.5. The parties stipulate that there is a bona fide dispute as to whether Plaintiffs received the correct amount of wages for their hours worked and whether Plaintiff Lemus suffered retaliation.

1.6. In an effort to resolve this action without incurring additional fees and expenses, and without Defendants admitting any liability, the parties have entered into a confidential settlement agreement

2. Release:

2.1. *Generally*. In consideration of the matters as set forth above, additional consideration specifically enumerated herein, and other good and valuable consideration, on behalf of themselves and each and every plaintiff who consented to join the Lawsuit as enumerated in Exhibit A (the "*Opt-In Plaintiffs*"), their attorneys, and all other persons, natural or otherwise, claiming by, under, or through any of the above, Plaintiffs hereby **RELEASE** and by these presents forever **DISCHARGE** Defendants, any of their parents, subsidiaries, affiliates, successors, and assigns, together with the past and present officers, directors, shareholders, partners, members, managers, agents, attorneys, insurers, and employees of all of the above, and all other persons, natural or otherwise, vicariously liable for any of the above (collectively, the "*Released Parties*"), of and from all claims that arise from or relate to the compensation of any Plaintiff or Opt-In Plaintiff for

overtime hours worked for any Defendant, including any claim that any Plaintiff or Opt-In Plaintiff could have asserted under the FLSA (collectively, the "*FLSA Claims*"), arising from the beginning of time until the present, whether such claims seek damages or compensation of any type, including attorney fees, court costs, expenses, or other costs that any Plaintiff or Opt-In Plaintiff might have or might claim to have, be they currently known or unknown.

2.2.   *Plaintiff Castillo*.   The release set forth in Paragraph 2.1, above, expressly excludes Plaintiff Castillo's claims for discrimination and all remedies she may seek in relation to her discrimination claims.

2.3.   *Plaintiff Lemus*.   The release set forth in Paragraph 2.1, above, expressly includes the claim for retaliation under the FLSA brought by Plaintiff Lemus in the Lawsuit.

2.4.   *Tax Consequences*.   Plaintiffs shall be solely responsible for the payment of any federal, state, or local taxes arising out of the payment of monies arising out of this Agreement. Plaintiffs agree to hold Defendants harmless from any and all claims, demands, rights, damages, or costs or expenses resulting from any liability or claim of liability for any amount assessed by or due any federal, state, or local government or agency thereof, including but not limited to, federal, state, and local withholding and income taxes and social security taxes, with respect to payments made by Defendants to Bruckner Burch PLLC as set out in this Agreement.

3.   Additional Provisions:

3.1.   *Payment*.   In consideration of the matters as set forth above, the release contained herein, additional consideration specifically enumerated herein, and other good and valuable consideration, on or before December 25, 2009, Defendants will deliver the amount of $80,000.00 by cashier's check payable to Bruckner Burch PLLC Trust, 1415 Louisiana Street, Suite 2125, Houston, Texas 77002.

3.2. *Releases by Opt-in Plaintiffs*. In consideration of the matters as set forth above, additional consideration specifically enumerated herein, and other good and valuable consideration, upon completion of the payment described in Paragraph 3.1, above, Plaintiffs will obtain the signature of each Opt-In Plaintiff on the release document attached at Exhibit B. Plaintiff's counsel agrees to hold the amount due to an Opt-in Plaintiff in trust until such Opt-in Plaintiff signs the release attached as Exhibit B.

3.3. *Dismissal with Prejudice*. In consideration of the matters as set forth above, additional consideration specifically enumerated herein, and other good and valuable consideration, upon receipt of payment and execution of this agreement Plaintiffs shall direct their counsel to file the joint motion for dismissal with prejudice attached at Exhibit C with the appropriate court.

4. Miscellaneous:

4.1. It is agreed and understood that this Agreement shall be binding upon and inure to the benefit of the Parties and their respective assigns, heirs, administrators, successors, and representatives, and that the release described herein may be pleaded as an absolute and final bar to the Lawsuit each and every suit relating to the FLSA Claims which may hereafter be brought against any Released Party by any Plaintiff or Opt-In Plaintiff.

4.2. It is further agreed and understood that the terms hereof are contractual and not merely recitals, and that the agreements and covenants contained herein and the consideration transferred is to compromise disputed claims, to avoid continued litigation, and to buy peace. The exchange of property and rights by Defendants as set forth in this Agreement is not to be construed as an admission of liability by any person, which has been denied.

4.3. It is further agreed and understood that any notices required under this Agreement shall be made via certified mail, return receipt requested, as follows:

      4.3.1. *Notices to any Plaintiff or Opt-In Plaintiff —* at the office of their counsel of record, Mr. David I. Moulton, Bruckner Burch PLLC, 1415 Louisiana Street, Suite 2125, Houston, Texas 77002.

      4.3.2. *Notices to Defendant —* at the office of its counsel of record, Mr. Amit K. Misra, The Misra Legal Group, 1601 Westheimer Road, Houston, Texas 77006.

Any Party or either counsel of record may change the address listed above by giving notice of such change via certified mail.

    4.4.    It is further agreed and understood that this Agreement contains the entire agreement of the Parties relating to the Lawsuit and supersedes any prior agreements or understandings, whether written or oral; that no oral understandings, statements, promises, or inducements contrary to the terms of this Agreement exist; and that this Agreement cannot be changed or terminated orally.

    4.5.    It is further agreed and understood that in the interpretation or enforcement of this Agreement, this document shall be deemed to be drafted by all Parties jointly and that the terms or meanings thereof shall not be construed more strongly against one Party than against any other Party.

Executed on the dates of the respective acknowledgments of the respective parties as set forth below.

**LETICIA CASTILLO**

_[signature]_

Dated: 12-17-09

**BERTHA LEMUS**

_Bertha H. Lemus_

Dated: 12-17-09

**ALKIRE SUBWAY, L.P.**
By GOVIND AGRAWAL, INC.
Its General Partner

By: _[signature]_
Govind Agrawal, President

Dated: _____

**G.R.A. ENTERPRISES, L.P.**
By GOVIND AGRAWAL I, L.L.C.
Its General Partner

By: _[signature]_
Govind Agrawal, President

Dated: _____

**GOVIND AGRAWAL, INC.**

By: _[signature]_
Govind Agrawal, President

Dated: _____

**GOVIND AGRAWAL**

_[signature]_
Govind Agrawal

Dated: _____

EXHIBIT A
Opt-In Plaintiffs

| Last Name | First Name | Opt-In Date |
| --- | --- | --- |
| Aguilar | Alejandra | 06/04/09 |
| Arcos Martinez | Karina Arlette | 07/01/09 |
| Avalos | Luis M. | 06/05/09 |
| Baeza | Myla | 07/09/09 |
| Bankhead | Cleshaun | 06/04/09 |
| Beaty | Tonka | 06/22/09 |
| Brown | Deon Robert | 06/23/09 |
| Burson | Sondra Denise | 06/23/09 |
| Cartagena | Iris | 09/19/08 |
| Cartagena | Nancy | 09/19/08 |
| Castillo | Cathleen | 07/06/09 |
| Castillo | Leticia | 09/01/08 |
| Contreras | Felix | 06/05/09 |
| Davis | April | 06/03/09 |
| Davis | Veronica | 06/25/09 |
| Dixon | Claudia E. | 06/23/09 |
| Erwin | John | 06/03/09 |
| Figueroa | Ismael | 06/09/09 |
| Findley | Brandy | 06/29/09 |
| Flores | Leticia | 06/25/09 |
| Flores | Cynthia | 07/31/09 |
| Florez | Teresa M. | 06/25/09 |
| Godinez | Sandra Patricia | 06/25/09 |
| Gomez | Perla | 06/09/09 |
| Grant II | Wallace | 06/29/09 |
| Grijalva | Brenda | 06/25/09 |
| Henderson | Derek | 06/25/09 |
| Hernandez, Jr. | Raul | 06/04/09 |
| Holbrook | Kady | 07/02/09 |
| Hurtado | Karina | 06/09/09 |
| Jackson | Jaleesa | 06/03/09 |
| Johnson | Eric | 06/16/09 |
| Jones, Jr. | Robert Nelson | 06/23/09 |
| Keener | Danielle | 06/22/09 |
| Lemus | Bertha | 09/01/08 |
| Lichota | Barbara | 06/23/09 |

| | | |
|---|---|---|
| Lima | Virginia | 09/05/08 |
| Martinez | Anaeva R. | 06/26/09 |
| McCarthy | Aminta | 06/17/09 |
| Mingo | Quanovia | 06/23/09 |
| Moffett | Christee | 06/25/09 |
| Morgan | Jessica | 06/03/09 |
| Pickle | Kevin | 06/03/09 |
| Reyna | Mellissa A. | 06/08/09 |
| Rodriguez | Louis | 06/15/09 |
| Romero | Dayna | 07/06/09 |
| Serrano | Alma J. | 06/03/09 |
| Stuebe | Jason Ray | 06/15/09 |
| Tanner | James W. | 06/16/09 |
| Thompson | Billie J. | 06/03/09 |
| Velasquez | Diana | 08/07/09 |
| Ward | Joseph Lee | 06/25/09 |
| Wiggins | Heidi | 06/08/09 |
| Wilson | Brittany | 06/04/09 |

EXHIBIT B
Opt-In Plaintiff Release

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| LETICIA CASTILLO AND BERTHA LEMUS, ET AL.,  §§§§§§§<br><br>*Plaintiffs*  §<br><br>v.  §<br><br>ALKIRE SUBWAY, L.P., G.R.A. ENTERPRISES, L.P., GOVIND AGRAWAL, INC., AND GOVIND AGRAWAL,  §§§§<br><br>*Defendants*. § | NO. 4:08-CV-2658 |

---

### NOTICE OF CONSENT TO SETTLEMENT OF COLLECTIVE ACTION
---

1. I consented to be a party plaintiff in this case. I designated Leticia Castillo and Bertha Lemus to make decisions on my behalf concerning this case, including the method and manner of entering into settlement agreements. I have received notice that Leticia Castillo and Bertha Lemus have entered into a settlement agreement on behalf of all plaintiffs, including me.

2. I hereby acknowledge the following:

    a. The defendants claim that I received the correct amount of wages for all hours worked and deny that I am entitled to recovery of any overtime pay, liquidated damages, costs, or attorney fees.

    b. There is a bona fide dispute as to whether I received the correct amount of wages for all hours worked.

    c. In an effort to resolve this action without incurring additional fees and expenses, and without the defendants admitting any liability, Leticia Castillo and Bertha Lemus have entered into a confidential settlement agreement on behalf of all plaintiffs, including me.

      d.    As part of this confidential settlement agreement, I will receive payment in the amount of $_____ from Bruckner Burch PLLC (the "*Settlement Payment*").

      e.    I shall be solely responsible for the payment of any federal, state, or local taxes arising out of the Settlement Payment.

    3.    In consideration for the Settlement Payment, I hereby **RELEASE** and by these presents forever **DISCHARGE** the defendants, any of their parents, subsidiaries, affiliates, successors, and assigns, together with the past and present officers, directors, shareholders, partners, members, managers, agents, attorneys, insurers, and employees of all of the above, and all other persons, natural or otherwise, vicariously liable for any of the above (collectively, the "*Released Parties*"), of and from all claims that arise from or relate to my compensation for overtime hours worked for any defendant, including any claim that I could have asserted under the FLSA (collectively, the "*FLSA Claims*"), arising from the beginning of time until the present, whether such claims seek damages or compensation of any type, including attorney fees, court costs, expenses, or other costs that I might have or might claim to have, be they currently known or unknown.

    4.    I further agree to **HOLD HARMLESS** the defendants from any and all claims, demands, rights, damages, or costs or expenses resulting from any liability or claim of liability for any amount assessed by or due any federal, state, or local government or agency thereof, including but not limited to, federal, state, and local withholding and income taxes and social security taxes, with respect to the Settlement Payment.

_____
printed name

_____    _____
signature                                                   date

EXHIBIT C
Joint Motion for Dismissal with Prejudice

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| LETICIA CASTILLO AND BERTHA LEMUS, ET AL., | § § § § | |
| *Plaintiffs* | § § | |
| v. | § § | NO. 4:08-CV-2658 |
| ALKIRE SUBWAY, L.P., G.R.A. ENTERPRISES, L.P., GOVIND AGRAWAL, INC., AND GOVIND AGRAWAL, | § § § § | |
| *Defendants*. | § § | |

**JOINT STIPULATION FOR APPROVAL OF SETTLEMENT AGREEMENT
AND MOTION FOR DISMISSAL WITH PREJUDICE**

Plaintiffs Leticia Castillo and Bertha Lemus and Defendants Alkire Subway, L.P., G.R.A. Enterprises, L.P., Govind Agrawal, Inc., and Govind Agrawal file this Joint Stipulation for Approval of Settlement Agreement and Motion for Dismissal with Prejudice in the above captioned case as follows:

1. Plaintiffs brought this collective action against Defendants under the Fair Labor Standards Act alleging that Defendants failed to pay overtime wages, entitling Plaintiffs to overtime pay, liquidated damages, costs, and attorney fees.  Plaintiff Lemus also alleges that Defendants retaliated against her after she asserted a claim under the FLSA by reducing the work hours available to her.

2. The Court conditionally approved the collective action, and the parties jointly prepared a notice for consent for potential plaintiffs to join the collective action.  In addition to the two named Plaintiffs, an additional 52 Plaintiffs have consented to join the collective action.

Notably, each consenting Plaintiff expressly designated the two named Plaintiffs as her or his attorney-in-fact: "I hereby designate the named plaintiffs, Leticia Castillo and Bertha Lemus (the "Representative Plaintiffs"), to make decisions on my behalf concerning the litigation, including … entering into settlement agreements …."

3. Defendants claim that all Plaintiffs received the correct amount of wages for their hours worked and deny that Plaintiffs are entitled to recovery of any overtime pay, liquidated damages, costs, or attorney fees. Defendants further deny that Plaintiff Lemus suffered any retaliation.

4. The parties stipulate that there is a bona fide dispute as to whether Plaintiffs received the correct amount of wages for their hours worked and whether Plaintiff Lemus suffered retaliation.

5. In an effort to resolve this action without incurring additional fees and expenses, and without Defendants admitting any liability, the parties have entered into a confidential settlement agreement in which the parties request the Court, under Rule 41(a)(2) of the Federal Rules of Civil Procedure, to dismiss Plaintiffs' claims, including their requests for overtime pay, liquidated damages, costs, and attorney fees, against Defendants with prejudice. In return, Defendants agree to compensate Plaintiffs in the amount of $80,000.00, inclusive of all actual damages, liquidated damages, costs, and attorney fees. The parties contend that the settlement is a fair and reasonable resolution of a bona fide dispute.

6. A copy of the settlement agreement is attached as Exhibit A.

Accordingly, the parties request that the Court grant this Joint Stipulation for Approval of Settlement Agreement and Motion for Dismissal with Prejudice.

Respectfully submitted,

| B RUCKNER BURCH PLLC | THE MISRA LEGAL GROUP |
|---|---|
| **/S/ David I. Moulton** | **/s/ Amit K. Misra** |
| By: _____ | By:_____ |
| David I. Moulton | Amit K. Misra, Esq., P.C. |
| S.D. Tex. No. 608063 | S.D. Tex. No. 21460 |
| State Bar of Tex. No. 24051093 | State Bar of Tex. No. 00795534 |
| 1415 Louisiana Street, Suite 2125 | 1601 Westheimer Road |
| Houston, Texas 77002 | Houston, Texas 77006 |
| 713- 877-8788 Telephone | 832-723-4776 Telephone |
| 713- 877-8065 Facsimile | 832-476-9656 Telecopier |
| dmoulton@brucknerburch.com | amit@misralegal.com |
| ATTORNEY-IN-CHARGE FOR PLAINTIFFS | ATTORNEY-IN-CHARGE FOR DEFENDANTS |

CERTIFICATE OF SERVICE

I hereby certify that on this \_\_\_\_th day of December, 2009, a copy of the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system to all counsel of record:

> David I. Moulton
> Bruckner Burch PLLC
> 1415 Louisiana Street, Suite 2125
> Houston, Texas 77002

>                         **/s/ Amit K. Misra**
>                         Amit K. Misra